**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMIL MOHD ABD-EL-RAHMAN
AL-GHAZALI
          PLAINTIFF,

    v.

DAVID DIGUGLIELMO ET AL.,
          DEFENDANTS.

CIVIL NO.

07-4897

**MEMORANDUM/ORDER**

December 17, 2007

    Now before the court is a *pro se* petition for writ of habeas corpus filed by Jamil

Mohd Abd-El-Rahman Al-Ghazali, a.k.a. Jamil Elrahman, a state prisoner incarcerated in

the State Correctional Institution at Graterford. Mr. Al-Ghazali earlier filed a habeas

petition in this court that, like the instant petition, challenged the Pennsylvania Parole

Board's decision to deny him parole. *See Elrahman v. Rozum*, No. 06-1336, 2007 WL

1462027 (E.D. Pa. May 17, 2007). Section 2244 of the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241 *et seq.*, provides that before a "second

or successive" habeas petition can be filed with the district court, "the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to

consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without such authorization from

the court of appeals, the district court lacks subject matter jurisdiction to consider the

habeas petition.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *Felker v.*

*Turpin*, 518 U.S. 651, 657 (1996); *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir.

2005); *In re Minarik*, 166 F.3d 591 (3d Cir. 1999).

   Because petitioner's current motion qualifies as a "successive" habeas petition,

this court lacks subject matter jurisdiction to consider it.  The "appropriate court of

appeals" in which a motion should be filed for authorization to proceed in this court is the

United States Court of Appeals for the Third Circuit.  If the Third Circuit grants

authorization, petitioner can then return to this court and refile his successive habeas

petition.

   Accordingly, this 17th day of December, 2007, it is hereby **ORDERED** that this

civil action is **DISMISSED WITHOUT PREJUDICE** on the ground that this court

lacks subject matter jurisdiction to consider it.

                                            BY THE COURT:

                                            /s/ Louis H. Pollak
                                            Pollak, J.